Richard Thomas,                          :
                                         : No. 411 C.D. 2016
                    Petitioner           : Submitted:  August 12, 2016
                                         :
             v.                          :
                                         :
Pennsylvania Board of Probation          :
and Parole,                              :
                                         :
                    Respondent           :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  October 14, 2016


           Richard Thomas petitions for review of the February 16, 2016, decision of the Pennsylvania Board of Probation and Parole (Board) denying Thomas' administrative appeal from a Board recommitment order.  Appointed counsel, Anthony J. Tambourino, Esquire (Counsel), has filed a petition for leave to withdraw as counsel on the ground that Thomas' petition for review is meritless.  For the reasons that follow, we dismiss both petitions as moot.


           On July 1, 2015, the Board lodged a warrant to commit and detain Thomas on technical parole violations. (C.R. at 73, 77-78.)  On July 8, 2015, Thomas signed a waiver of counsel and a preliminary hearing and admitted to the technical parole violations. (*Id.* at 80.)  On July 21, 2015, the Board ordered Thomas detained at the Parole Violation Center (PVC) and held a violation decision in abeyance

pending Thomas' completion of the PVC's program. (*Id.* at 93.) On August 13, 2015, Thomas was discharged from the PVC for violating the PVC's rules. (*Id.* at 82-83.) In a decision mailed October 2, 2015, the Board recommitted Thomas as a technical parole violator (TPV) to serve nine months' backtime in York County Prison.[1] (*Id.* at 100-01.) The Board's decision stated that Thomas would be automatically reparoled on April 1, 2016.[2] (*Id.* at 100.)

On October 6, 2015, Thomas mailed to the Board a *pro se* administrative appeal of the Board's October 2, 2015, decision, arguing that the Board erred in recommitting him because he completed the PVC program. (*Id.* at 102-03.) On October 30, 2015, R. Bradley Peiffer, Esquire, then Thomas' counsel, filed an administrative appeal of the Board's decision, arguing that the Board erred in recommitting Thomas because Thomas completed the PVC program prior to violating the PVC's rules. (*Id.* at 104.) On February 16, 2016, the Board denied the October 30, 2015, administrative appeal and affirmed its October 2, 2015, decision.

On March 16, 2016, Thomas petitioned this court for review[3] and requested that we "overturn the Board's February 16, 2016[,] decision and release

[1] The Board's decision mailed October 2, 2015, lists Thomas' parole violation maximum date as September 25, 2021, which is the same maximum date listed in the Board's previous decision recommitting Thomas as a TPV mailed November 21, 2014. (C.R. at 50-51.) Thus, the Board's decision mailed October 2, 2015, did not recalculate Thomas' maximum date.

[2] The April 1, 2016, automatic reparole date is exactly nine months after July 1, 2015, when the Board detained Thomas. Thus, the Board credited Thomas for the time Thomas spent confined under the Board's authority since July 1, 2015.

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

[Thomas] forthwith." (Thomas' Pet. at 6.)  On April 1, 2016, Thomas was released on parole.  (C.R. at 97, 98.)  On May 31, 2016, Counsel filed a petition for leave to withdraw and a no-merit letter, contending that Thomas' appeal is meritless.

Thomas argues that the Board abused its discretion in recommitting him to serve nine months' backtime in York County Prison because the Board failed to consider that Thomas completed the PVC program and his violation of the PVC's rules was minor.  We do not reach the merits of Thomas' argument, however, because we conclude that his petition for review is moot.  "It is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (*en banc*).  Here, the record shows that Thomas completed nine months' backtime on April 1, 2016, and was paroled from York County Prison that same day.  Therefore, it is impossible for this court to grant the relief that Thomas requests, and Thomas' petition for review is moot.[4]

Accordingly, we dismiss as moot Thomas' petition for review and Counsel's petition to withdraw.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[4] Because we conclude that Thomas' petition for review is moot, we need not address whether Counsel satisfied the requirements to withdraw as counsel.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Thomas, : 
: No. 411 C.D. 2016
Petitioner :
:
v. :
:
Pennsylvania Board of Probation :
and Parole, :
:
Respondent :

O R D E R

AND NOW, this 14th day of October, 2016, we hereby dismiss as moot Richard Thomas' petition for review of the February 16, 2016, decision of the Pennsylvania Board of Probation and Parole and Anthony J. Tambourino, Esquire's petition for leave to withdraw as counsel.

_____
ROCHELLE S. FRIEDMAN, Senior Judge